THOMAS TRIPP vs. NEW METALLIC PACKING COMPANY.

Suffolk.    March 12. — Sept. 5, 1884.    DEVENS & COLBURN, JJ., absent.

In an action upon a written agreement, executed by a corporation, promising to pay the plaintiff a sum of money upon a certain condition, declarations of the treasurer of the corporation are inadmissible to prove performance of the condition.

In an action upon a written agreement, executed by a corporation, promising to pay the plaintiff a sum of money upon the successful working of a mechanical device bought by the corporation of him, a printed circular, praising the device, prepared in part by the plaintiff and in part by a director of the corporation, and issued and distributed by the corporation, is admissible in evidence.

A corporation executed a written agreement, promising to pay T. a sum of money "upon the successful working of a metallic packing this day purchased of him." *Held*, in an action by T. on the agreement, that the "successful working" of the packing, which was a mechanical device to prevent the escape of steam when applied to the piston-rod of an engine, meant its success as such a device, and not as a mercantile adventure; that the question whether it worked successfully was one of fact for the jury; and that evidence that it would work only in combination with another device, or that, on a single occasion, it worked successfully when applied to a piston-rod of average quality, would not be conclusive in law to disprove or to prove the fact.

CONTRACT, in two counts, on the following agreement in writing, executed by the defendant: " Boston, April 25, 1881.   Due Thomas Tripp two thousand dollars upon the successful working of a metallic packing this day purchased of him."

The first count declared on the agreement as a promissory note.   The second count alleged performance of the condition stated in the agreement, and that the defendant owed the plaintiff the amount named therein.   Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The defendant corporation was organized early in 1881, for the purpose of manufacturing and selling metallic packings for piston-rods.   The plaintiff, who was a director of the defendant corporation from the time of its organization, and still is a director, was the inventor of certain metallic packings, for which he had taken out six letters patent of the United States ; and, in consideration of the sale and assignment of the patents, the plaintiff received of the defendant one fifth of its capital stock and the agreement in suit.

At the time the defendant bought the plaintiff's letters patent, it bought of another person a two-thirds interest in a patented device known as the ball and socket joint, which was not itself a packing, but was intended and adapted for use in combination with any packing.

Allen B. Currier was the treasurer of the defendant corporation; and the plaintiff was allowed to testify to conversations with Currier about payment of the claim in suit, at the place of business of the company, upon occasions when one Kelly, a director, was sometimes present, and one Williams, a director, was always present. He testified that he talked with Currier several times at the place of business of the company, and told him that he, the plaintiff, wanted his note paid; that Currier told him that they were short, and put him off; and that Williams said he should have some money in February, and would pay the plaintiff. This evidence was offered as tending to show admissions by the defendant that the condition in the agreement sued on had been complied with. The defendant objected to the admission of this evidence, on the ground that Currier had no authority to bind the company by his admissions.

The plaintiff offered in evidence a printed circular, describing the packing as "a thorough substitute for the various forms and applications of soft packing," as "the most durable, economical, and simple packing in use," and as "superior to all others;" and testified that the circular was printed and circulated in May, 1881, and was thereafter largely circulated by the company, either directly by the treasurer or by his order. The defendant objected to the admission of the circular; but the judge admitted it, and it was read to the jury.

There was no evidence tending to show that the plaintiff's packing had been tested before this circular was printed, and before it began to be circulated by the defendant; and the plaintiff testified that no packings were made by the defendant until a month after this circular had been printed, and it had begun to be circulated.

The plaintiff testified, on cross-examination, that he prepared all the mechanical description in the circular, and that the other parts of it were written by Williams, one of the directors of the defendant corporation; and that one of the illustrations in the

circular was a representation of his packing when used without the ball and socket joint, the other illustrations being representations of the packing in combination with that device.

The plaintiff was employed by the defendant to superintend the manufacture of packings, and there were manufactured between June, 1881, when the manufacture began, and June, 1882, about two hundred packings, of which about one hundred and ninety were packings to be used in combination with the ball and socket joint, and the others without.

The plaintiff and several witnesses called by him testified that the packings made under his letters patent worked successfully when used without the ball and socket device.

The defendant did not controvert the claim of the plaintiff that the packing worked successfully in combination with the ball and socket joint; and the plaintiff testified that the fact that it would work successfully in combination with the ball and socket joint was well known to all the parties at the time the agreement was made ; but the defendant denied that it worked successfully without that device, except, possibly, when applied to a piston-rod of a perfect engine.   The business of the defendant corporation was not successful financially.

The defendant requested the judge to instruct the jury as follows : " 1. The plaintiff is not entitled to maintain his action on the first count in his declaration, because the contract set out in said count is not a promissory note.   2. In order to maintain his action on the second count in his declaration, the plaintiff must prove that his metallic packing referred to in said count worked successfully ; and to prove the successful working of said packing, he must prove that said packing was manufactured and sold at a profit.   3. He must further prove that said metallic packing worked successfully by itself and independent of any combination with a ball and socket, or any other packing device.   4. He must further prove that said packing worked successfully by itself and independent of any combination with a ball and socket, and that such successful working was brought to the knowledge of the defendant.   5. He must further prove that said packing worked successfully by itself and independent of any combination with a ball and socket; and to prove such successful working he must prove, not merely that one of said packings

worked successfully, but that a number of said packings worked successfully, sufficient to satisfy the defendant that all of said packings which the defendant might manufacture would work successfully."

The judge gave the first instruction asked for, and declined to give the others ; and instructed the jury, in substance, that the plaintiff was entitled to a verdict, if they were satisfied, upon all the evidence, that the metallic packing manufactured by the defendant under the plaintiff's letters patent worked successfully as a mechanical device in preventing the escape of steam when applied to the piston-rods of steam-engines; that the right of the plaintiff to recover did not depend upon the question whether the business of manufacturing packings under the plaintiff's patents, as conducted by the defendant, was or was not successful financially ; that the plaintiff must prove that his metallic packing, as shown by actual trial, worked successfully, and that the defendant had knowledge of such successful working before the commencement of this action; that the action might be maintained if the jury found that the packing worked successfully, either when used alone or when used in combination with the ball and socket joint; that the fact that the plaintiff's packing worked successfully without the ball and socket joint, when applied to the piston-rod of some one engine, was not conclusive proof of his right to maintain this action; but that the plaintiff was entitled to a verdict, if the jury found that the packing worked successfully without the ball and socket device upon some one engine whose piston-rod was of average quality, and no better in point of mechanical accuracy and excellence of form and construction than piston-rods in general; and that, if they found for the plaintiff, they would be required, on returning their verdict, to answer this question : " Did the plaintiff's metallic packing work successfully when used without the ball and socket joint ? "

The jury returned a verdict for the plaintiff, and answered the question in the affirmative. The defendant alleged exceptions.

*C. R. Train & J. F. Brown*, for the defendant.

*E. Avery & G. M. Hobbs*, for the plaintiff.

W. ALLEN, J. The declarations of Currier were not competent. The money was payable upon a condition, and neither

the treasurer nor the individual directors of the defendant corporation were authorized to decide that the condition had been performed and the money become due, nor to waive or admit the performance of the condition. Admission of indebtedness on the contract was beyond the scope of the authority of the treasurer, and would be the mere declaration of a third person, which could not affect the defendant. *Corbin* v. *Adams*, 6 Cush. 93. *Pratt* v. *Ogdensburg & Lake Champlain Railroad*, 102 Mass. 557. *Grinnell* v. *Western Union Telegraph*, 113 Mass. 299.

There was evidence that the printed circular was issued and distributed by the defendant, and it was properly admitted in evidence.

By the successful working of the packing was meant its success as a mechanical device, and not as a mercantile adventure, and the instructions to the jury upon that point were correct. Whether it did work successfully was a question of fact for the jury ; and evidence that it would work only in combination with the ball and socket joint, or that, on a single occasion, it worked successfully when applied to a piston-rod of average quality, would not be conclusive in law to disprove or to prove the fact. The weight and conclusiveness of such evidence must depend upon the related facts proved in the case. As the jury found that the device worked successfully without the combination, and as the first exception is sustained, the further consideration of the exceptions taken at the trial seems useless.

*Exceptions sustained.*